**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30024 |
| Plaintiff-Appellee, | D.C. No. 9:15-cr-00015-DLC |
| v. | |
| DAVID LAWRENCE JENSEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

David Lawrence Jensen appeals from the district court's judgment and

challenges the 84-month sentence imposed following his guilty-plea conviction for

being a felon in possession of firearms and ammunition, in violation of 18 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 922(g)(1), and 924(a)(2), (d).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jensen contends that the district court erred by imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with a burglary.  We review for clear error, *see United States v. Newhoff*, 627 F.3d 1163, 1170 (9th Cir. 2010), and hold there is none.  The record reflects that a stolen gun was found in Jensen's residence, a credit card was stolen from the theft victim in the same incident, and an individual driving a car that fit the description of Jensen's car used the stolen credit card on the day on which the victim reported the theft.  The district court did not clearly err in holding that this evidence was sufficient, by a preponderance of the evidence, to establish that Jensen took a firearm during the course of a burglary.  *See id.* (district court's inference that defendant stole a firearm was reasonable based on circumstantial evidence, which "can prove a sentencing fact").

**AFFIRMED.**